IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| CAROL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF DOUGLAS and the | ) | |
| OFFICE OF THE DOUGLAS COUNTY | ) | |
| STATES ATTORNEY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, CAROL HENDERSON ("Henderson"), by and through her attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendants, COUNTY OF DOUGLAS and the DOUGLAS COUNTY STATES ATTORNEY'S OFFICE, state as follows:

## PARTIES

1. Henderson is a resident of Tuscola, Illinois in Douglas County.

2. Defendant County of Douglas is a local governmental entity located at 401 South Center Street, Tuscola, Illinois in Douglas County.

3. Defendant Douglas States Attorney's Office is a local governmental entity located at 401 South Center Street, Tuscola, Illinois in Douglas County.

## JURISDICTION AND VENUE

4. The claim against Defendant is for disability discrimination and retaliation pursuant to the Americans with Disability Act, 42 USC 12101, *et seq*.

5. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. §1343 as this claims arises under the laws of the United States of America.

6. Venue is appropriate in the Central District of Illinois, Urbana Division by virtue of 28 U.S.C. §1391 as Plaintiff's residence and Defendant's place of business is located in that Division.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## AGAINST ALL DEFENDANTS
## (Failure to Accommodate)

7. Henderson re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

8. Henderson brings this cause pursuant to the Americans with Disabilities Act, 42 USC 12101 *et seq*., and the Civil Rights Act of 1991.

9. Henderson has filed this cause subsequent to the timely filing of a Charge of Discrimination based on disability and perceived disability with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A.

10. Henderson filed this cause pursuant to a Right to Sue Letter issued by the Department of Justice within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

11. Henderson at all time relevant hereto, was a disabled person as defined by 42 USC 12102(2).

12. Henderson, at all times relevant hereto, was regarded and perceived as being disabled by her employer.

13. Defendants, at all times relevant hereto, was an employer as defined by 42 USC 12111(5).

14. Henderson was hired by Defendants on or about February 26, 2007 as Support Staff at the Douglas County Courthouse.

15. One part of Henderson's job duties was to file closed cases in the basement of the courthouse.

16. From February 2011 through January 2012, Henderson experienced breathing problems while working for Defendants.

17. In May 2011, Henderson was diagnosed with asthma.

18. Plaintiff believes that the courthouse basement contained irritants/mold which triggered a severe exacerbation of Plaintiff's asthma.

19. Henderson's asthma required her to make numerous trips to her physician for treatment caused by the requirement of Defendants that Plaintiff perform work related duties in the Defendants' Courthouse basement.

20. Defendants were aware of Henderson's medical condition because Henderson reported her breathing problems to her Supervisor and the State's Attorney, both offered no solution for Henderson's health problem

21. Henderson's physician wrote a letter to the State's Attorney on September 13, 2011 restricting Henderson's access to the Douglas County Courthouse basement. See Exhibit C attached hereto.

22. On or about January 6, 2012, Defendant became aware that Henderson was also seen by a Pulmonary Specialist who also recommended that she stay out of the

3

Courthouse basement because of irritants/mold which would cause a continuing, severe exacerbation of Plaintiff's asthma.

23.     Kevin Nolan is the Douglas County States Attorney.

24.     In direct violation of the Americans with Disabilities Act, 42 USC 12101 *et seq*., Defendants, by their agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

25.     On November 4, 2011, Defendants issued Henderson a Written Notice of Warning to either return to filing in the basement or face disciplinary action up to and including termination.  See Exhibit D, attached hereto.

26.     Henderson required and requested from Defendants an accommodation in order to perform her duties.

27.     Defendants refused to accommodate Henderson's disability but required her to perform her work duties without said accommodation.

28.     Henderson was terminated from her position with Defendants on January 13, 2012 for insubordination for refusing to enter the Courthouse basement..

29.     As a result of Defendants' discriminatory conduct as aforesaid, Henderson has suffered injury to her career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 USC 1981a.

30.     Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Henderson's civil rights.

WHEREFORE, Plaintiff Carol Henderson prays for judgment against Defendants as follows:

A.   For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

B.   For an award of lost wages in an amount to be determined at the time of trial;

C.   For reinstatement, instanter, with all pay, benefits and privileges she had before she was terminated;

D.   For front pay, with all pay, benefits and privileges she had before she was terminated, if the Court deems reinstatement instanter to be inappropriate;

E.   For attorney's fees and costs of this suit, including expert witness fees;

F.   For pre-judgment interest in an amount to be determined at the time of trial; and

G.   For such other relief as is just and equitable.

## COUNT II
## TITLE VII – RETALIATION AGAINST ALL DEFENDANTS

31.   Henderson re-alleges and incorporates as if fully set forth herein paragraphs 1 – 6 above and paragraphs 7-30 of Count I.

32.   Henderson has filed this cause subsequent to the timely filing of a Charge of Discrimination based on retaliation for complaining about disability discrimination with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

33. Henderson has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

34. In direct violation of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*, and the Civil Rights Act of 1991, Defendants, by their agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A, and fully incorporated herein by reference.

35. Henderson was hired by Defendants on or about February 26, 2007 as Support Staff at the Douglas County Courthouse.

36. One part of Henderson's job duties was to file closed cases in the basement of the courthouse.

37. From February 2011 through January 2012, Henderson experienced breathing problems while working for Defendants.

38. In May 2011, Henderson was diagnosed with asthma.

39. Plaintiff believes that the Courthouse basement contained irritants/mold which triggered a severe exacerbation of Plaintiff's asthma.

40. Henderson's asthma required her to make numerous trips to her physician for treatment caused by the requirement of Defendants to perform work related duties in the Defendants' Courthouse basement.

41. Defendants were aware of Henderson's medical condition because Henderson reported her breathing problems to her Supervisor and the State's Attorney, both offered no solution for Henderson's health problem

42.     Henderson's physician wrote a letter to the State's Attorney on September 13, 2011 restricting Henderson's access to the Douglas County Courthouse basement due to her medical condition.  See Exhibit C attached hereto.

43.     On or about January 6, 2012, Defendant became aware that Henderson was also seen by a Pulmonary Specialist who also recommended that she stay out of the Courthouse basement because of irritants/mold which would cause a continuing, severe exacerbation of Plaintiff's asthma.

44.     Kevin Nolan is the Douglas County States Attorney.

45.     In direct violation of the Americans with Disabilities Act, 42 USC 12101 *et seq.*, Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

46.     On November 4, 2011, Defendants issued Henderson a Written Notice of Warning to either return to filing in the basement of the Courthouse or face disciplinary action up to and including termination in retaliation.  See Exhibit D, attached hereto.

47.     Henderson required and requested from Defendants an accommodation in order to perform her duties.

48.     Defendants refused to accommodate Henderson's disability but required her to perform her work duties without said accommodation.

49.     Henderson was terminated from her position with Defendants on January 13, 2012 for alleged insubordination for refusing to work in the Douglas County Courthouse basement in retaliation for her complaints concerning Defendants' failure to accommodate her disability.

WHEREFORE, Plaintiff CAROL HENDERSON prays for judgment against Defendants as follows:

A.    For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

B.    For an award of lost wages in an amount to be determined at the time of trial;

C.    For reinstatement, instanter, with all pay, benefits and privileges she had before she was terminated;

D.    For front pay, with all pay, benefits and privileges she had before she was terminated, if the Court deems reinstatement instanter to be inappropriate;

E.    For attorney's fees and costs of this suit, including expert witness fees;

F.    For pre-judgment interest in an amount to be determined at the time of trial; and

G.    For such other relief as is just and equitable.

CAROL HENDERSON

By:   s/Barry A. Gomberg
One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

8