Ms. Henderson has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, Ms. Henderson claims that Douglas County State's Attorney Kevin Nolan discriminated against her by not accommodating her disability. State's Attorney Nolan denies that he discriminated against Ms. Henderson and says that Ms. Henderson has not established that she was disabled, and even if she had, he tried to reasonably accommodate her but she refused to provide information concerning her disability, refused to perform an essential function of her job, and refused to wear a respiratory mask that was purchased for her.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.



FILED
FEB 24 2014
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Defendants' Instruction No. ___1___
7th Circuit Pattern Instruction 4.01
**4.01 NATURE OF ADA CLAIM AND DEFENSE**

Objection       _____
No Objection    _____
Given           _____
Withdrawn       _____

*refused gul*

In this case, Ms. Henderson claims that State's Attorney Nolan unlawfully refused to give her a "reasonable accommodation." To succeed, Ms. Henderson must prove five things by a preponderance of the evidence:

1. Ms. Henderson had a disability. I will define "disability" and several other important terms for you in a few minutes;

2. Ms. Henderson was qualified to perform the job;

3. Ms. Henderson requested an accommodation;

4. State's Attorney Nolan was aware of Ms. Henderson's disability at the time of Ms. Henderson's request;

5. State's Attorney Nolan failed to provide Ms. Henderson with a reasonable accommodation.

If you find that Ms. Henderson has failed to prove any of these things by a preponderance of the evidence, your verdict should be for State's Attorney Nolan. If you find that Ms. Henderson has proved each of these things by a preponderance of the evidence, you must then consider State's Attorney Nolan's argument that Ms. Henderson unreasonably failed to wear the respiratory mask provided to her by State's Attorney Nolan. If State's Attorney Nolan has proved this by a preponderance of the evidence, your verdict should be for State's Attorney Nolan. If State's Attorney Nolan has not proved this by a preponderance of the evidence, you should turn to the issue of Ms. Henderson's damages.


Defendants' Instruction No. __2__
7th Circuit Pattern Instruction 4.03
**4.03. ELEMENTS OF PLAINTIFF'S CLAIM-REASONABLE ACCOMMODATION CASES**

Objection        _____
No Objection     _____
Given            _____
Withdrawn        _____

refused

Under the ADA, the term "disability" means a physical impairment that "substantially limits" Ms. Henderson's ability to breathe. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

The term 'physical impairment' means any condition that prevents the body from functioning normally.

Under the ADA, an impairment "substantially limits" a person's ability to breathe if it prevents or severely restricts her from breathing, compared to the average person in the general population.

To decide if Ms. Henderson's alleged impairment substantially limits Ms. Henderson's ability to breathe, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities.

Defendants' Instruction No. ___3___
7th Circuit Pattern Instruction 4.04
**4.04. DEFINITION OF "DISABILITY"**

Objection        _____
No Objection     _____
Given            _____
Withdrawn        _____

refused-gue

Under the ADA, Ms. Henderson was "qualified" if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without her request to be excused from working in the basement. You should only consider Ms. Henderson's abilities at the time when she was requested to perform work in the basement.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees State's Attorney Nolan has to do that kind of work, the degree of specialization the job requires, State's Attorney Nolan's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

Defendants' Instruction No. ___4___
7th Circuit Pattern Instruction 4.05
**4.05. DEFINITION OF "QUALIFIED"**

Objection          _____
No Objection       _____
Given              _____
Withdrawn          _____

refused gue

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

In making this determination, you may consider, among other things, the impact of the accommodation on State's Attorney Nolan's other employees.

Defendants' Instruction No. ___5___
7th Circuit Pattern Instruction 4.06
**4.06. REASONABLE ACCOMMODATION: GENERAL INSTRUCTION**

Objection       _____
No Objection    _____
Given           _____
Withdrawn       _____

refused

Ms. Henderson may not insist on a particular accommodation if another reasonable accommodation was offered.

A reasonable accommodation may include transferring non-essential job duties to another employee. However, State's Attorney Nolan does not have to transfer essential job duties.

Defendants' Instruction No. ___6___
7th Circuit Pattern Instruction 4.07
**4.07. REASONABLE ACCOMMODATION: SUPPLEMENTAL INSTRUCTIONS FOR SPECIFIC ACCOMMODATION ISSUES**

Objection        _____
No Objection  _____
Given            _____
Withdrawn    _____

refused *jue*

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee whether there is a reasonable accommodation that will permit her to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

Under the ADA, State's Attorney Nolan does not need to accommodate Ms. Henderson if it would cause an "undue hardship" to his office. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of State's Attorney Nolan's office or how State's Attorney Nolan runs his office.

State's Attorney Nolan must prove to you by a preponderance of the evidence that Ms. Henderson's proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. State's Attorney Nolan's overall financial resources. This might include the size of his office, the number of people he employs, and the types of facilities he runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that State's Attorney Nolan conducts his operations. This might include his workforce structure; the location of his facility where the accommodation would be made compared to State's Attorney Nolan's other facilities; and the relationship between these facilities.

Defendants' Instruction No. ___7___
7th Circuit Pattern Instruction 4.09
**4.09 UNDUE HARDSHIP DEFENSE**

Objection _____
No Objection _____
Given _____
Withdrawn _____

refused gue

You may award compensatory damages only for injuries that Ms. Henderson has proved by a preponderance of the evidence were caused by State's Attorney Nolan's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others.

The physical and mental/emotional pain and suffering that Ms. Henderson has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Ms. Henderson for the injury she has sustained.

Defendants' Instruction No. ___8___
7th Circuit Pattern Instruction 3.10
**3.10 COMPENSATORY DAMAGES**

Objection    _____
No Objection _____
Given        _____
Withdrawn    _____