E-FILED
Thursday, 27 February, 2014  03:23:14 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

CAROL HENDERSON,                          )
                                          )
                    PLAINTIFF,            )          FINAL
                                          )
                    VS.                   )          CASE NO. 12-2180
                                          )
KEVIN P. NOLAN,                           )
IN HIS OFFICIAL CAPACITY AS               )
STATES ATTORNEY OF                        )
DOUGLAS COUNTY, ILLINOIS                  )          **FILED**
AND COUNTY OF DOUGLAS,                    )
ILLINOIS,                                 )          FEB 2 7 2014
                                          )
                                          )          CLERK OF THE COURT
                    DEFENDANTS.           )          U.S. DISTRICT COURT
                                                     CENTRAL DISTRICT OF ILLINOIS
                                                     URBANA, ILLINOIS

## JURY INSTRUCTIONS

The law applicable to this case is contained in these instructions, and it is your duty to follow them. You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law to the facts and in this way decide the case. Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings.

1

The evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and stipulated facts.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

You are to consider only the evidence received in this case. You should consider this evidence in the light of your own observations and experiences in life. You may draw such reasonable inferences as you believe to be justified from proved facts. Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose. You should not do any independent investigation or research on any subject relating to the case. What you may have seen or heard outside the courtroom is not evidence. This includes any press, radio, or television programs and it also includes any information available on the Internet. Such programs, reports, and information are not evidence and your verdict must not be influenced in any way by such material.

For example, you must not use the Internet, including Google, Wikipedia, or any other sources that you might use every day, to search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, witnesses, lawyers, and judge.

You are to disregard any evidence concerning which I have sustained an objection or which I ordered stricken. Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded. Whenever evidence was admitted for a limited purpose, you should consider it for that purpose, and no other purpose. You should not be influenced by sympathy, prejudice, fear, or public opinion. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law but are not evidence. If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark.

Neither by these instructions nor by any ruling or remark which I have made, do I or have I meant to indicate any opinion as to the facts.

The plaintiff, Carol Henderson, has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of her job and the employer is aware of her limitations.

In this case, the plaintiff claims that the defendant, Kevin P. Nolan, in his official capacity as State's Attorney of Douglas County, Illinois, discriminated against her by not accommodating her disability. The defendant denies that he discriminated against the plaintiff and says that (1) the plaintiff was offered an accommodation, which she rejected; and (2) accommodating the plaintiff's disability by changing her job duties would have placed an undue hardship on his office.

Douglas County is a nominal defendant in the case. Douglas County has no control over the way the State's Attorney runs his office. The State's Attorney is an independent official of the state, but Douglas County finances his office and provides him with a staff and quarters. Douglas County is what is called a necessary party to the case under federal procedural law.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

4

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a major life activity.  Breathing is a major life activity. I will now define some of the ADA terms in more detail.  Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

Under the ADA, an impairment "substantially limits" a person's ability to breathe if it prevents or severely restricts her from breathing, compared to the average person in the general population.

To decide if the plaintiff's alleged impairment substantially limits the plaintiff's ability to breathe, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

Under the ADA, the plaintiff was "qualified" if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without the requested accommodation.  You should only consider the plaintiff's abilities at the time when she was terminated.

Not all job functions are "essential."  Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees the defendant has to do that kind of work, the degree of specialization the job requires, the defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability perform the job. An accommodation is "reasonable" if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

A plaintiff may not insist on a particular accommodation if another reasonable accommodation was offered.

A defendant's duty to provide a reasonable accommodation is a continuing one. You must evaluate the reasonableness of an accommodation as of the time it was requested.

If no reasonable accommodation was available in the plaintiff's present job, the defendant was not required to create a new job or to give a promotion to the plaintiff.

A reasonable accommodation may include transferring non-essential job duties to another employee.  However, the defendant does not have to transfer essential job duties.

Once an employer is aware of an employee's disability and an accommodation has been requested, the employer must discuss with the employee or, if possible, with her doctor whether there is a reasonable accommodation that will permit her to perform the job.  Both the employer and the employee must cooperate in this interactive process in good faith.

Neither party can win this case simply because the other did not cooperate in this process, but you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation existed.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

There are two types of evidence: direct and circumstantial. Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness. An example of direct evidence that it is raining is a person who comes in and says, "I was outside and I saw it raining."

Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved. An example of circumstantial evidence that it is raining is a person entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given either direct or circumstantial evidence.

Therefore, all of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.

Certain demonstrative aids have been shown to you.  Those demonstrative aids are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

Part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. You should act reasonably and carefully in making these decisions.  Let me suggest some things for you to consider in evaluating each witness' testimony.

1.  Ask yourself if the witness was able to see or hear the events clearly. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.  Ask yourself how good the witness' memory seemed to be.  Did the witness seem able to remember accurately what happened?

3.  Ask yourself if there was anything else that may have interfered with the witness' ability to perceive or to remember the events.

4.  Ask yourself how the witness acted while testifying. Did the witness appear honest?  Or did the witness appear to be lying?

5.  Ask yourself if the witness had any relationship to the plaintiffs or the defendant, or anything to gain or lose from the case, that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.  Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7.  And ask yourself how believable the witness' testimony was in light of all the other evidence.  Was the witness' testimony supported or contradicted by

14

other evidence that you found believable? If you believe that a witness' testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness' believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

When I say that a party has the "burden of proof" on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the propositions on which that party has the burden of proof are more probably true than not true.

In a civil case lawyers sometimes talk about the preponderance of the evidence or the weight of the evidence. That is an accurate statement about the definition of burden of proof, but what is more probably true than not true is more understandable. The evidence to sustain the burden of proof cannot be evenly balanced. It must persuade you that something is more probably true than not true.

In this case, the plaintiff, Carol Henderson, claims that the defendant, Kevin P. Nolan, unlawfully refused to give her a "reasonable accommodation." To succeed, the plaintiff must prove each of the following propositions:

1.  The plaintiff had a disability as defined in these instructions; and

2.  The plaintiff was "qualified" to perform her job;

3.  The plaintiff requested an accommodation;

4.  The defendant was aware of the plaintiff's disability at the time of the plaintiff's request; and

5.  The defendant failed to provide the plaintiff with a reasonable accommodation.

If you find from your consideration of all the evidence that the plaintiff has failed to prove any of these propositions, your verdict should be for the defendant. If you find that the plaintiff has proved each of these propositions, you must then consider the defendant's "undue hardship" defense. If the defendant has proved this defense, your verdict should be for the defendant. If the defendant has not proved this defense, you should turn to the issue of the plaintiff's damages.

Under the ADA, a defendant does not need to accommodate a plaintiff if it would cause an "undue hardship" to the defendant's office operations. An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change how the defendant runs his office.

The defendant has the burden of proof on the question whether the plaintiff's proposed accommodation would be an "undue hardship." In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. The defendant's overall financial resources. This might include the size of the defendant's office, the number of people it employs, and the public functions it performs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs;

4. The way that the defendant conducts the functions of his office. This might include the workforce structure, and the location of the facility where the accommodation would be made.

If you decide for the defendant on the question of liability, you will have no occasion to consider the question of damages.

You may award compensatory damages only for injuries that the plaintiff has proved from your consideration of all the evidence were caused by the defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The emotional pain and suffering that the plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of emotional pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury she has sustained.

You should consider only the evidence that was presented to you during the trial on the question of damages. The plaintiff has the burden of proof on the question of damages she has suffered. Damages cannot be speculative and they must be reasonable. Whether damages have been proved by the evidence is for you to determine.

In deciding whether to award any damages for emotional distress or pain and suffering, you must find that there is a substantial basis for compensation.  In determining whether a substantial basis for compensation exists, you should consider whether the plaintiff sought medical treatment or psychological counseling or treatment.  You should also consider whether the plaintiff had any physical manifestation of her alleged emotional injuries.  Absent a substantial basis for determining that the plaintiff suffered actual emotional distress, you may not award more than nominal damages.  Furthermore, you may not award the plaintiff any damages for any stress or emotional problems caused or related to the filing of, or her involvement in, this lawsuit.

If you find that the plaintiff has proved her claim that the defendant failed to accommodate her disability, you may award her as damages any lost wages and benefits she would have received from the defendant if she had not been terminated.  It is the plaintiff's burden to prove that she lost wages and benefits, and their amount.  If she fails to do so for any periods of time for which she seeks damages, then you may not award damages for that time period.

The defendant argues that the plaintiff's claim for lost wages and benefits should be reduced by the amounts she reasonably might have earned had she sought other employment.  The defendant has the burden of proving each of the following propositions:

1.  The plaintiff did not take reasonable actions to reduce her damages, and

2.  The plaintiff might have found comparable employment if she had taken such action, and

3.  The amount the plaintiff reasonably might have received had she sought employment.

If you find from your consideration of all the evidence that the defendant has proved each of the stated propositions, then you should reduce any amount you might award the plaintiff for lost wages and benefits by the amount the plaintiff reasonably would have earned during the period for which you are awarding lost wages and benefits.

The defendant must prove both that the reduction should be made, and its amount.

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.  You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.  All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

When you retire to the jury room, you must first select one of your members as presiding juror.  He or she will preside during your deliberations. Your verdict must be unanimous and signed by each of you, including the presiding juror. Your answers to the special interrogatories must also be unanimous and signed by each of you, including the presiding juror.   A form of verdict and special interrogatories is supplied for your convenience.

The form is as follows:

## SPECIAL VERDICT FORM AND INTERROGATORIES

1) Did the plaintiff have a disability?

    Answer:                   Yes or No

*(If you answered "Yes," answer Question 2; otherwise, sign, and return this verdict form)*

2) Was the plaintiff qualified to perform her job?

    Answer:                   Yes or No

*(If you answered "Yes," then answer Question 3; otherwise, sign and return this verdict form.)*

3) Did the plaintiff request an accommodation?

    Answer:                   Yes or No

*(If you answered "Yes," then answer Question 4; otherwise, sign and return this verdict form.)*

4) Was the defendant aware of the plaintiff's disability at the time of the plaintiff's request?

    Answer:                   Yes or No

*(If you answered "Yes," then answer Question 5; otherwise, sign and return this verdict form.)*

5) Did the defendant fail to provide the plaintiff with a reasonable accommodation?

    Answer:                   Yes or No

*(If you answered "Yes," then answer Question 6; otherwise, sign and return this*

*verdict form.)*

6) Would giving the plaintiff a reasonable accommodation have been an undue hardship on the defendant's office?

     Answer:                    Yes or No

*(If you answered "Yes," sign and return this verdict form; otherwise, answer Question 7.)*

7) Has the plaintiff suffered a net loss of wages and benefits as a result of her termination?

     Answer:                    Yes or No

*(If you answered "Yes," then answer Question 8; otherwise sign, and return this verdict form.)*

8) What was the amount of net wages and benefits that the plaintiff lost up to the time of trial?

     Answer:                    $_____

*(Answer Question 9.)*

9) Has the plaintiff suffered emotional pain and mental anguish as a result of her termination?

     Answer:                    Yes or No

*(If you answered "Yes," then answer Question 10; if you answered "No," to this question, then answer Question 11.)*

10) What amount will fairly compensate the plaintiff for her emotional pain and mental anguish as a result of her termination?

     Answer:                    $_____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____

PRESIDING JUROR